IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CHARLINE WHYTE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:14-cv-00479-KOB |
| ) | |
| **JEFFERSON COUNTY BOARD OF** ) | |
| **HEALTH, JEFFERSON COUNTY** ) | |
| **DEPARTMENT OF HEALTH, MARK** ) | |
| **WILSON, in his official and individual** ) | |
| **capacity, DOLORES JOHNSON, in her** ) | |
| **official and individual capacity, and** ) | |
| **JOHNATHAN STANTON, in his** ) | |
| **official and individual capacity,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

This matter comes before the court on Defendant Jefferson County Board of Health ("JCBH") and Defendant Jefferson County Department of Health's ("JCDH") (collectively, "Jefferson County") "Third Rule 41(b) Motion to Dismiss and For Alternative Relief," (Doc. 24), and Defendants Dr. Mark Wilson, Dolores Johnson, and Jonathan Stanton's (collectively, the "Individual Defendants") "Motion to Dismiss." (Doc. 25). Plaintiff Charline Whyte sued Jefferson County and the Individual Defendants under 42 U.S.C. § 2000e *et seq* ("Title VII") alleging race discrimination, sex discrimination, a hostile work environment, and retaliation. Jefferson County argues that the court should dismiss Whyte's complaint, (Doc. 23), pursuant to Rule 41(b) and Rule 8 of the Federal Rules of Civil Procedure because, in essence, the complaint is too long and confusing. (Doc. 24). Jefferson County further argues that the court should

1

dismiss the complaint for failure to comply with the court's orders to remove "shotgun" style pleading. (Doc. 24). The Individual Defendants argue that Whyte has abandoned her claims against them and that the Individual Defendants should be dismissed. (Doc. 25).

Upon review of Whyte's most recent complaint and Jefferson County and the Individual Defendants' motions, the court finds that Whyte's complaint is sufficiently clear under Rule 8 and complies with the court's prior orders. The court further finds that Whyte has abandoned her claims against the Individual Defendants. Thus, the court **DENIES** Jefferson County's motion and **GRANTS** the Individual Defendants' motion. The court **DISMISSES** the Individual Defendants **WITHOUT PREJUDICE.** Finally, the court **GRANTS** Jefferson County twenty one days from the date of the Order, filed concurrently with this Memorandum Opinion, to file a responsive pleading.

**I.     Background**

Whyte filed a complaint against Jefferson County and the Individual Defendants on March 18, 2014, (Doc. 1), and subsequently amended the complaint. (Doc. 3). Jefferson County and the Individual Defendants filed a "Motion for More Definite Statement" pursuant to Rule 12(e). (Doc. 7). The court ordered Whyte to provide a more definite statement of the allegations in her complaint by (1) removing the "shotgun"[1] style pleading and (2) by stating which specific facts and defendants related to each claim. (Doc. 13).

---

[1] A "shotgun" style complaint exists when "each count . . . adopts the allegations of all preceding counts. Consequently, allegations of fact that may be material to a determination of count one, but not count four, are nonetheless made a part of count four. . . . [I]t is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014) *quoting Anderson v. Dist. Bd. of Trs. of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

Whyte filed an "Amendment to Complaint and More Definite Statement," (Doc. 14), that incorporated certain paragraphs from her amended complaint, (Doc. 3), by reference. Jefferson County and the Individual Defendants filed a "Rule 41(b) Motion to Dismiss and For Alternative Relief." (Doc. 15). The court did not dismiss the complaint. Instead, the court ordered Whyte to (1) remove the "shotgun" style pleading in her complaint, (2) link specific facts and defendants to each claim, and (3) re-file her complaint as one document with numbered paragraphs. (Doc. 16).

Whyte filed a second amended complaint. (Doc. 17). Jefferson County and the Individual Defendants filed a "Second Rule 41(b) Motion to Dismiss and For Alternative Relief." (Doc. 18). The court gave Whyte one additional opportunity to (1) remove the "shotgun" style pleading and (2) link specific facts and defendants to each claim. (Doc. 22).

Whyte has now filed a third amended complaint, which only lists the Jefferson County entities as defendants. (Doc. 23). Jefferson County has now filed a "Third Rule 41(b) Motion to Dismiss and For Alternative Relief." (Doc. 24). The Individual Defendants have filed a "Motion to Dismiss." (Doc. 25).

**II.     Analysis**

    **A.     Whyte Followed the Court's Orders**

Jefferson County argues that Whyte has not complied with the court's orders. "If the plaintiff fails . . . to comply with . . . a court order, a defendant may move to dismiss the action . . . against it." Fed. R. Civ. P. 41(b). The court previously ordered Whyte to (1) remove the "shotgun" style pleading and (2) link specific facts and defendants to each claim. (Doc. 22).

On its face, Whyte's complaint complies with the court's orders to remove the "shotgun" pleading and to link specific facts and defendants to each claim. (Doc. 23). Recognizing this fact,

3

Jefferson County argues that Whyte's complaint should be dismissed because Whyte "has zoomed from one extreme to another" and now "incorporates by reference no preceding paragraphs of the complaint in any of [her] counts." (Doc. 24, ¶ 10(a)). Upon review of Whyte's complaint, the court finds that Whyte *has* sorted through her facts and indicated which facts and defendants relate to which counts and has listed those facts and defendants with each count. (*E.g.* Doc. 23, ¶¶ 62-90 (containing facts relating to Count I, Title VII Racial Discrimination - Failure to Promote)). Whyte's complaint is no longer a "shotgun" complaint. It complies with the court's prior orders.

      B.      **Whyte's Complaint Complies With the Federal Rules of Civil Procedure**

Jefferson County argues that Whyte does not comply with the requirements of Rule 8. The underlying goal of our system of pleading is *notice*. The Federal Rules of Civil Procedure require that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)).  A plaintiff must provide the grounds of his entitlement, but Rule 8 generally does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Here, Jefferson County argues that it is not on notice of Whyte's claims because Whyte's complaint is long and the facts are too confusing. The court disagrees. Whyte has included much more than mere "conclusions" in her complaint. Any further questions Jefferson County has

about Whyte's allegations and claims can be dealt with in discovery.

Jefferson County argues that Whyte's allegations are not "simple, concise, and direct" as required by Rule 8(d)(1) and that each claim for relief does not contain "a short and plain statement of the claim" as required by Rule 8(a)(2). (Doc. 24, ¶ 9(a)). While Whyte's complaint contains *many* allegations, all are written in plain English in numbered paragraphs, are related to the subject of the complaint, and are sufficiently concise. (*E.g.* Doc. 23, ¶¶ 91-93). Further, Whyte has included short and plain statements of the legal basis for her claims. (*E.g.* Doc. 23, ¶¶ 62, 91, 94, 107). If Jefferson County needs more explanation of why certain allegations are included or why "the allegations . . . appear to contemplate relief different from what the title [of each count] indicates," (Doc. 24, ¶ 9(b)), Jefferson County is free to request that information in discovery.

Further, Jefferson County argues that Whyte's complaint contains "numerous allegations related to actions and decisions under the control of a non-party." (Doc. 24, ¶ 9(c)). If Jefferson County needs more information about the actions of non-parties, Jefferson County is free to pursue those avenues of inquiry in discovery.

Finally, Jefferson County argues that Whyte's complaint is "neither short nor plain." (Doc. 24, ¶ 9(e)). Jefferson County uses as an example of this shortcoming a series of allegations stated in the complaint concerning events from early August 2012 with seemingly contradictory dates. (*See* Doc. 24, ¶ 9(e); Doc. 23, ¶¶ 33-36). The confusion over dates in these paragraphs could amount to nothing more than a typo by the drafter. Our notice pleading standard does not throw out complaints based on mere typos or contradictory dates. Rather, Jefferson County's factual questions can be answered in discovery.

    **C.**    **Whyte Abandoned her Claims Against the Individual Defendants**

The Individual Defendants (through Jefferson County) argue that Whyte's complaint does not clearly indicate which parties are named as defendants. (Doc. 24, ¶ 9(d); Doc. 25). Whyte's complaint lists only three parties (JCBH, JCDH, and Whyte) in its "parties" section. (Doc. 23, ¶¶ 10-16). Further, her complaint only connects JCBH and JCDH to particular counts. (Doc. 23, ¶¶ 62, 91, 94, 107). The court finds that Whyte has abandoned her claims against the Individual Defendants who were named in her previous complaints.

**III.**    **Conclusion**

Defendant Jefferson County, the Individual Defendants, and Plaintiff Charline Whyte should be happy that the issues in this case have been streamlined through relatively well-tailored pleading. Whyte has focused her complaint on four counts against two defendants. This tailoring will narrow the scope of discovery for the remaining parties. The court now cautions Jefferson County to heed the Eleventh Circuit's directions by not responding to Whyte's complaint with a "shotgun answer . . . [with] one-line affirmative defenses, none of which refers to a particular count." *Paylor*, 748 F.3d at 1127.

In summary, the court finds that Whyte's complaint is sufficiently clear under Rule 8 and complies with the court's prior orders. The court further finds that Whyte has abandoned her claims against the Individual Defendants. Thus, the court **DENIES** Jefferson County's motion and **GRANTS** the Individual Defendants' motion. The court **DISMISSES** the Individual Defendants **WITHOUT PREJUDICE.** Finally, the court **GRANTS** Jefferson County twenty one days from the date of the Order, filed concurrently with this Memorandum Opinion, to file a responsive pleading.

DONE and ORDERED this 20th day of October, 2014.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE